IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
STATESVILLE DIVISION

CIVIL NO. 5:23-CV-00137

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | **VERIFIED COMPLAINT FOR** |
| ) | **FORFEITURE *IN REM*** |
| APPROXIMATELY $10,825.98 IN U.S. ) | |
| CURRENCY seized from Seth Randall ) | |
| Dula on or about March 25, 2023, in ) | |
| Catawba County, North Carolina, ) | |
| ) | |
| and ) | |
| ) | |
| APPROXIMATELY $4,450.00 IN U.S. ) | |
| CURRENCY seized from Seth Randall ) | |
| Dula on or about April 4, 2023, in ) | |
| Catawba County, North Carolina, ) | |
| ) | |
| Defendants. ) | |

NOW COMES the United States of America, Plaintiff herein, by Dena J. King, United States Attorney for the Western District of North Carolina, in a civil cause of forfeiture, and respectfully states the following:

## NATURE OF ACTION

1. This is a civil action *in rem* against approximately $10,825.98 in United States Currency seized from Seth Randall Dula on or about March 25, 2023, in Catawba County, North Carolina; and approximately $4,450.00 in United States

Currency seized from Seth Randall Dula on or about April 4, 2023, in Catawba County, North Carolina; collectively, the "Defendant Currencies."

## JURISDICTION AND VENUE

2. This Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. §§ 1345 and 1355.

3. This Court has *in rem* jurisdiction over the Defendant Currencies, and venue is proper pursuant to 28 U.S.C. § 1355(b)(1) because acts or omissions giving rise to the forfeiture occurred in the Western District of North Carolina.

4. Venue is also proper pursuant to 28 U.S.C. § 1395 because the Defendant Currencies are located in the Western District of North Carolina.

5. The Defendant Currencies were seized within and are now within the Western District of North Carolina.

## BASIS FOR FORFEITURE

6. This civil action is brought against the Defendant Currencies because they constitute money furnished or intended to be furnished by any person in exchange for a controlled substance or listed chemical in violation of 21 U.S.C. §§ 841 and/or 846, proceeds traceable to such an exchange, and/or money used or intended to be used to facilitate a violation of 21 U.S.C. §§ 841 and/or 846, and are therefore subject to forfeiture pursuant to 21 U.S.C. § 881(a)(6).

# FACTS

7. In or around March 2022, ATF Special Agent Jared Wingler and Hickory Police Department Investigator Ryan Hatch received information from a confidential informant that an individual named Seth Randall Dula was distributing methamphetamine in the Hickory, NC area.

8. ATF and the Hickory Police Department conducted a joint investigation of Mr. Dula's activities.

9. At all times relevant to this case, Mr. Dula was a seller and distributor of methamphetamine.

10. Mr. Dula is a convicted felon.

11. Mr. Dula has an extensive criminal history, which includes the following convictions: (1) a conviction in 2020 for possession of a weapon by a prisoner; (2) a conviction in 2018 for possession of a Schedule II controlled substance; (3) a conviction in 2018 for felony speeding to elude arrest; (4) a conviction in 2009 for assault with a deadly weapon inflicting serious injury with intent to kill; (5) a conviction in 2009 for possession of cocaine; (6) a conviction in 2006 for possession with intent to distribute cocaine; (7) a conviction in 2004 for possession with intent to distribute cocaine; and (8) a conviction in 2003 for common law robbery.

### *Mr. Dula Sells Methamphetamine to Confidential Informant*

12. On March 29, 2022, Mr. Dula sold approximately 57 grams of methamphetamine to a confidential informant, and the transaction was audio/video recorded.

13. On April 6, 2022, Mr. Dula sold approximately 113.9 grams of methamphetamine to a confidential informant, and the transaction was audio/video recorded.

14. On June 14, 2022, Mr. Dula sold approximately 56 of methamphetamine to a confidential informant, and the transaction was audio/video recorded.

15. On June 23, 2022, Mr. Dula sold approximately 48.6 grams of methamphetamine to a confidential informant, and the transaction was audio/video recorded.

16. On June 30, 2022, Mr. Dula sold approximately 58.04 grams of methamphetamine to a confidential informant, and the transaction was audio/video recorded.

### *March 25, 2023 Motorcycle Chase Involving Mr. Dula*

17. On March 25, 2023, a Hickory Police Department officer observed a silver motorcycle traveling at a high rate of speed. The motorcycle performed what

is known as a "wheelie," during which the front tire of the motorcycle leaves the ground. Mr. Dula was the operator of the motorcycle.

18. The officer attempted to conduct a traffic stop of the motorcycle, but it refused to yield to the patrol vehicle's blue lights and sirens.

19. After fleeing from the attempted traffic stop, the motorcycle began weaving around several cars while heading westbound on I-40 at a speed of approximately 110 mph.

20. The motorcycle continued to flee from the police, and ultimately exited I-40 and turned into a Days Inn located at 1725 13th Avenue in Hickory, NC.

21. After traveling through the Days Inn parking lot, the motorcycle left the parking lot and continued to travel at a high rate of speed.

22. Upon reaching the intersection of Highway 321 and Riverbend Road, the motorcycle attempted to make a right turn and went off the road, whereupon it struck a silver vehicle, and Mr. Dula fell off the motorcycle. He was wearing a black backpack.

23. After exiting his patrol vehicle, the officer gave verbal commands to Mr. Dula to stay on the ground and place his hands behind his back.

24. Mr. Dula was detained. The officer searched Mr. Dula's backpack and located a clear plastic bag containing approximately 5 grams of marijuana.

*March 25, 2023 Seizure of $10,825.98 in U.S. Currency*

25. On March 25, 2023, the same day as the motorcycle chase, an officer with the Hickory Police Department responded to the Days Inn to see if Mr. Dula had discarded any items from the motorcycle as he drove through the parking lot.

26. After the officer canvassed the parking lot, an employee at the Days Inn informed him that Mr. Dula had been staying in Room 334.

27. Officers obtained a search warrant to search Mr. Dula's hotel room. During the execution of the search warrant of Mr. Dula's hotel room, officers located a plastic container containing approximately 58 grams of marijuana on the top of the bedside table to the right of the bed.

28. Officers also located a black safe in the room that was wedged between the wall and the couch. Because the safe could not be opened at the scene, the officers transported it back to the Hickory Police Department.

29. After using a Halligan tool to pry open the safe, officers located approximately $11,102.23 in U.S. Currency, along with assorted rounds of ammunition. A small portion of the currency, approximately $275.00, was seized by the North Carolina Department of Revenue for a tax warrant.

30. The remaining amount of the currency, which was later counted and totaled $10,825.98, was seized by ATF for forfeiture.

*April 4, 2023 Seizure of Currency*

31. On April 4, 2023, an investigator with the Hickory Police Department conducted surveillance at Mr. Dula's residence in Hickory, NC in an attempt to locate him on active state arrest warrants.

32. While conducting surveillance, the investigator observed Mr. Dula exit his residence and drive off in a black Honda Accord.

33. The license plate on the Honda Accord was expired, and Mr. Dula's driver's license was permanently suspended.

34. An officer with the Hickory Police Department conducted a traffic stop of Mr. Dula, and he was arrested. During an inventory of the vehicle, an officer located a plastic bag containing a white powder residue and a red straw.

35. Law enforcement seized the plastic bag and straw, and ATF seized approximately $4,450 in U.S. Currency from Mr. Dula's person. A field test performed on the white powder residue yielded positive results for the presence of cocaine.

36. Law enforcement also applied for and received a search warrant to search Mr. Dula's residence. During the execution of the search warrant of Mr. Dula's residence, law enforcement located and seized, among other things,

digital scales, bags containing methamphetamine that weighed approximately 66.99 grams, and bags containing fentanyl that weighed 54.12 grams.

37. In 2022—the year preceding the seizure of the Defendant Currencies–Mr. Dula had no reported North Carolina wage history.

## **ADMINISTRATIVE FORFEITURE**

38. Following the seizure of the Defendant Currencies, ATF initiated an administrative forfeiture action against the Defendant Currencies.

39. On May 30, 2023, ATF received a claim and a petition for remission or mitigation[1] from Mr. Dula, asserting that the Defendant Currencies are his property.

40. The United States now files this Complaint in response to that claim.

41. The following persons may have or claim an interest in the Defendant Currencies:

Seth Randall Dula

## **CONCLUSION**

42. By virtue of the foregoing, all right, title, and interest in the Defendant Currencies vested in the United States at the time of the commission of the unlawful

---

[1] A petition for remission or mitigation "does not serve to contest the forfeiture, but rather is a request for an executive pardon of the property" on fairness grounds. *See Ibarra v. United States*, 120 F.3d 472, 475 (4th Cir. 1997).

act giving rise to forfeiture, 21 U.S.C. § 881(h), and have become and are forfeitable to the United States of America.

## PRAYER FOR RELIEF

WHEREFORE, the United States of America respectfully prays the Court that:

(1)  a warrant for the arrest of the Defendant Currencies be issued;

(2)  due notice be given to all parties to appear and show cause why the forfeiture should not be decreed;

(3)  judgment be entered declaring the Defendant Currencies to be condemned and forfeited to the United States of America for disposition according to law; and

(4)  the United States be granted such other and further relief as this Court may deem just and proper, together with the costs and disbursements of this action, including but not limited to the expenses of maintenance and protection of the Defendant Currencies as required by 28 U.S.C. § 1921.

Respectfully submitted this 31st day of August, 2023.

DENA J. KING
UNITED STATES ATTORNEY

**s/ Jonathan D. Letzring**
JONATHAN D. LETZRING
Assistant United States Attorney

9

Georgia Bar No. 141651
Room 233, U.S. Courthouse
100 Otis Street
Asheville, North Carolina 28801
Telephone No. (828) 271-4661
jonathan.letzring@usdoj.gov

10

# VERIFICATION

I am a Special Agent with the Bureau of Alcohol, Tobacco, Firearms and Explosives. Pursuant to 28 U.S.C. § 1746, I hereby verify and declare under penalty of perjury that the foregoing is true and correct to the best of my knowledge, information, and belief.

Date: _____

JAMES WINGLER  
Digitally signed by JAMES WINGLER  
Date: 2023.08.31 11:57:24 -04'00'

_____  
James J. Wingler  
ATF Special Agent